GREGORY B. BYBERG (California State Bar No. 162874)
Law Offices of Gregory B. Byberg
270 N. Canon Drive, Third Floor
Beverly Hills, Ca 90210
310-786-8280

Attorney for Plaintiff Dawn Santiago

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dawn Santiago<br><br>   Plaintiff,<br><br>v.<br><br>Scott Properties, DSL Construction Corp.,<br><br>   Defendants. | CASE NO.: CV 08-01597 DDP (SSx)<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT<br><br>[(Declaration of Dawn Santiago and Statement of DISPUTED Facts and Conclusions of Law filed Concurrently Herewith)<br><br>Hon Dean D. Pregerson<br><br>Date: 6/8/2009<br>Time: 10:00 AM<br>Place: Courtroom 3<br>       Spring Street Court |

To Defendants and to their attorney of record, and to THE COURT:

Plaintiff Dawn Santiago opposes Defendants Motion for Summary Judgment (or alternatively for Partial Summary Judgment) as follows:

1. The great entirety and gravamen of Defendant's Motion is now moot as it was based, when filed, upon the situation of Requests for Admissions having been deemed automatically admitted as a result of late service of the Responses to Requests for Admissions. On April 27, 2009, subsequent to the filing of Defendant's motion, plaintiff moved for and was granted relief from the

effect of the late responses. As a result, all of the admissions which Defendants rely upon to support the motion are denied and all facts which support defendant's motion are controverted.

2. The issues raised in the Motion that are outside of the above automatic admissions, for which relief has been granted, are controverted and refuted as follows:

a. The contention that defendants did not prevent Santiago from modifying her occupied premises at her own expense is not relevant, as the inaccessibility complained of relates to defendants failure to allow her to put a permanent ramp at her own expense over a short set of stairs in a hallway outside her unit which prevented her from entering and leaving her apartment.

b. The contention that plaintiff's action is barred as the Statute of Limitations for "Design and Construction Claims" ran out in 1967 (when plaintiff was three years old and decades prior to plaintiff's tenancy) is false as plaintiff's claims for refusal of reasonable access accommodations and for retaliation cannot be characterized as "Design and Constructions Claims".

c. The contention that plaintiff was not coerced to move because of her disability is disputed by plaintiff and by substantial evidence.

d. The contention that plaintiff "has not shown evidence of damages" is false as plaintiff has shown proof of significant damages in Responses to Requests for Admissions and via her declaration. Defendants have not requested an itemization of damages in discovery and have not deposed the plaintiff to ask her the amount of these damages.

e. The contention that plaintiff has failed to show intentional discrimination is false as plaintiff has shown defendants refusal to allow plaintiff to install an access ramp at her expense so

///

///

///

that she could leave and enter her unit, and that when this request was made defendants began a program and practice of convincing her to vacate the building due to her disability.

Respectfully Submitted:

Dated: May 20, 2009

_____
Gregory B. Byberg, attorney for plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### Table of Contents

Table of contents ............................................................. Pg 4

Table of Authorities ......................................................... 5

Introduction ..................................................................... 6

I. Facts ........................................................................... 6

Discussion:

    II. PLAINTIFF HAS DENIED EVERY REQUEST FOR ADMISSION RELIED UPON BY DEFENDANTS IN THE MOTION FOR SUMMARY JUDGMENT .......... Pg 9

    III. PLAINTIFF DID NOT VOLUNTARILY VACATE, BUT ONLY DID SO OUT OF NECESSITY AS DEFENDANTS REFUSED HER REQUESTS TO INSTALL ACCESS RAMPS AT HER OWN EXPENSE. .......... Pg 12

    IV. IT IS IRRELEVANT AND IMMATERIAL THAT PLAINTIFF WAS NOT PREVENTED FROM MODIFYING HER OCCUPIED PREMISES AT HER OWN EXPENSE, AS THE VIOLATIONS OF THE FAIR HOUSING ACT COMPLAINED OF CONCERNED ONLY CERTAIN AREAS OUTSIDE HER RESIDENCE .......... Pg 14

    V. PLAINTIFFS CLAIMS ARE NOT "DESIGN AND CONSTRUCTION" CLAIMS WHICH ARE TIME BARRED .......... Pg 15

    VI. DEFENDANTS FALSELY CLAIM THAT PLAINTIFF HAS PRODUCED NO EVIDENCE OF DAMAGES, RETALIATION, OR DENIAL OF HER RIGHTS. .......... Pg 16

    VII. PLAINTIFF HAS SHOWN INTENTIONAL DISCRIMINATION .......... Pg 17

    VIII. PLAINTIFF HAS MADE NO ADMISSIONS OF BENEFIT TO THE DEFENSE .......... Pg 17

    Conclusion ....................................................................... Pg 17

## Table of Authorities

Cases:

United States v. Cal Mobile Home Park Management Co — Pg 15
(1994 Ca Ninth) 29 F. 3d 1413, 6ADD 175, 94 CDOS 5467

Savanna Club Worship Service, Inc v. Savanna Club, — 15
(S.D. Fla 2005) 456 F. Supp 2d 1223

Baltimore Neighborhoods, Inc. V. LOB, Inc (D Md 2000) 92 F. Supp 2d 456 — 15

US v. Edward Rose & Sons (2004 C.A. 6 Mich) 384 F./ 3d 258, 28 NCDR P 2004, — 15

Fair Housing Council, Inc v. Village of Olde St. Andrews Inc, — 15
(W.D. Ky 2003) 250 F. Supp 2d 706, 25 NDLR P 223.

. Steele v. Title Realty Co (1973 CA 10 Utah) 478 F. 2d 380. — 17

Young v. Parkland Village, Inc (1978 D.C.) 460 F. Supp 67. — 17

Statutes

28 CFR Part 36 Section 36.304 of the Code of Federal Regulations. — 11

42 U.S.C.A. Section 3616 — 13

Title 24, Chapter I Subpart D Section 100.203. — 13

42 U.S.C. 3604 (f)(3)(A). — 14

. 42 USCA Section 3604(f)(1), 24 CFR Section 100.70.(b)(6) — 14

Secondary Authorities

**23 AM JR POF 3d 499 page 20.** — 14

## INTRODUCTION

All of the "admissions" relied upon defendants and which support the great bulk of the positions presented in the Motion for Summary Judgment are in fact denials, following the granting of Plaintiff's Motion for Relief from Effect of Late Served Response to Requests for Admissions Being Deemed Admitted. This motion was heard on 4/21/09 by Hon. Suzanne H Segal and granted. As a result, plaintiffs denials of the Requests for Admissions, all of which denials will be illustrated below, were given full legal effect upon the granting of the motion, making defendants Motion for Summary Judgment in large part moot. Plaintiffs counsel contacted defense counsel on April 24, 2009, discussed this fact with counsel, and an agreement was made that Defendants would refile the motion without all the mooted portions. Plaintiff's counsel requested and obtained the stipulation of defense counsel (confirmed by letter dated 4/24/09) Matthew Kamen that defendants would in fact refile the motion, however defendants reneged on the agreement and would not sign as Stipulation (even after offering to prepare this). As a result, much needless counsel and court time now must be expended in opposing what is now moot issues.

## I. FACTS

Plaintiff was able bodied upon moving into the subject large multi unit apartment building owned by defendants. Unfortunately later, as a tenant in a third story unit, her affliction with multiple sclerosis advanced to a degree that she was <u>completely immobile without the a wheelchair</u>. The subject apartment building is <u>not handicapped accessible</u>, and Dawn Simon became a "shut in", unable to exit or enter the building, or even get to the first floor to obtain her daily mail, without the kind assistance of friends or relatives. She made many requests for defendants to install ramps over

the short flights of stairs in the building, at her expense, which were refused, and defendants sole assistance to her was to attempt to <u>convince her to vacate the building and find a handicapped accessible building</u>. Plaintiff struggled for a long period of time to enter and leave the building by having <u>friends and relatives bring her a makeshift portable metal ramp</u> to be placed over the offending stair sets when she needed to leave and enter the building. Over time, the friends and relatives grew tired of these demands, and <u>plaintiff had no choice but to vacate the building</u> and move to an accessible residential facility, as defendants refused to accommodate her disability in violation of the Fair Housing Act.

Plaintiff made many requests to allow her to install a <u>permanent ramp</u> at her own expenses pursuant to the protections of the Fair Housing Act, including a <u>formal letter sent by her on 7/31/07</u>, but defendants sole assistance was to attempt to convince her to leave the building and live elsewhere. Prior to her vacating the premises, plaintiff retained counsel, who formally requested ramp accommodations (which are by definition readily achievable pursuant to the Fair Housing Act) be installed at plaintiffs expense, via a <u>certified letter sent on 9/20/07</u>. All these requests were <u>ignored</u> or refused by defendants and their management team. In January 2008, with no options for avoiding status as a shut in, plaintiff had to vacate the premises for a handicapped accessible premises, at significant expense and extra cost to her.

Significantly, defendants <u>admit that despite the requests for accommodation even made by counsel for plaintiff, defendants refused to take any action</u> to accommodate plaintiffs requests from October 2007 until January 2008, when plaintiff was forced to finally vacate the premises. (See <u>Declaration of David Bramlett</u> in support of Defendant's motion, paragraphs 14 and 15 which contain this information). Additionally, Bramlett also admits that he attempted to persuade plaintiff to <u>move</u> to another property that was handicapped accessible, as an alternative to installing a ramp at

plaintiff's expense so that she could enter and exit her unit unassisted. <u>Declaration of David Bramlett</u>, paragraph 13.

From the onset of this litigation, the defense has been contending that the numerous violations of the Fair Housing Act provisions protecting the disabled are justified by the following <u>absurd</u> reasons:

1. The failure to allow plaintiff to pay for the installation of an accessible ramp over a small four step flight of stairs so that she could get in and out of her apartment is justified as such a ramp would increase the "insurance risk" of defendants as it would "pose a danger" to other tenants (This reason was never provided pre-litigation). That the indoor permanent ramp could become "slippery or loose".

2. That the Fair Housing Act only requires defendants to allow plaintiff to make accessibility modifications at her own expense to her <u>own unit</u>, despite the fact that she became a shut in due to four small steps in a hallway outside of her apartment.

3. That ramping the small set of stairs would require wholesale <u>destruction</u> of the entire apartment complex. This despite the fact that ramps are considered per se readily achievable modifications pursuant to the Fair Housing Act and the defendants are engaged in the business of construction.

4. That plaintiff would have had to challenge any accessibility issues within two years of the building of the complex in 1965, more then forty years before her moving into the building.

5. That plaintiff's request for a ramp to prevent her shut in status to be installed at her own expense was blatantly "unreasonable" and that she should be confined to her unit unless she could convince a friend or relative to move a portable ramp over the stairs for her.

6. The defense also disingenuously states that what plaintiff wanted was to permanently leave her makeshift portable ramp over the stairs, when in fact she was requesting that a permanent ramp be installed so that she would not have to use a portable ramp.-

7. Most disturbingly, the defense characterizes that the repeated harassing requests of David Bramlett that plaintiff "move elsewhere" so that defendants would not have to comply with the Fair Housing Act were calculated to "help" plaintiff.

## II. PLAINTIFF HAS DENIED EVERY REQUEST FOR ADMISSION RELIED UPON BY DEFENDANTS IN THE MOTION FOR SUMMARY JUDGMENT:

Following the granting of relief to plaintiff on 4/23/09, this entire portion of defendants motion is now moot:

1. Plaintiff denied and disputes that Defendants did not ignore Santiago's requests for accommodation. (Plaintiffs Separate Statement of Disputed Facts and Conclusions of Law No. 27)

2. Plaintiff admits that Defendants did not prevent Santiago from making modifications to the dwelling she occupied within the Subject Building, however the <u>interior of her dwelling was never the subject of her claim</u>, which concerns the <u>inaccessible hallways to her unit</u>. (Plaintiffs Separate Statement No. 280.

3. Santiago admits that she suffered no penalty for modifying her apartment to make it more accessible, however however the <u>interior of her dwelling was never the subject of her claim</u>, which concerns the <u>inaccessible hallways to her unit</u> (Plaintiffs Separate Statement Nos 19, 20, 21, 30)

4. Santiago admits that Defendants did not "prevent" her from using her portable ramp to traverse the Subject Buildings obstacles (she had to rely on friends and relatives to carry this ramp) but plaintiffs claimed violation of the Fair Housing Act is that defendants refused the reasonable modification request for her to install permanent ramps at her own expense so that she could enter

and leave her unit unassisted by others (who were usually too busy to assist her). Plaintiffs Separate Statement Nos 19, 20, 21, 30)

5. Plaintiff denied and disputes that Defendants did not ignore Santiago's request to permanently leave the ramp in the stairway (Plaintiffs Separate Statement No. 31).

6. Plaintiff admits that the ramp at issue was used in a common area traversed by other residents, but plaintiff denied and disputes that there was any "risk" to other residents as these residents had enough space next to the ramp for them to walk on the stairs without walking on plaintiffs Ramp. (Plaintiffs Separate Statement No. 32). However, defendants conveniently ignore in the motion the fact that plaintiff requested that a permanent ramp be installed not that her temporary ramp be left in place.

7. Plaintiff denied and disputes that leaving the ramp permanently would have been hazardous and disruptive to other pedestrians. Defendants conveniently ignore in the motion the fact that plaintiff requested that a permanent ramp be installed not that her temporary ramp be left in place. (Plaintiffs Separate Statement No. 33).

8. Plaintiff admits that she "did not offer" to compensate defendants for injuries to others caused by a ramp, but denies and disputes that she was ever requested to, or that mention of this was ever made prior to the making of the instant motion. Plaintiff denied and disputes that there was any risk of "injuries to others" caused by her portable ramp, or would be caused by a permanent ramp, as the ramps are safer then stairs for pedestrians. (Plaintiffs Separate Statement No. 34).

9. Plaintiff denied and disputes that she demanded Defendants build wheelchair ramps at Defendants own expense, as both the letter from her on July 31, 2007 and the letter from her counsel on September 20, 2007 clearly state that she requests <u>that ramps be installed at her own expense.</u>

Declaration of Plaintiff Paragraph 7, Ex. A and B to declaration, Plaintiffs Separate Statement No. 35.

10. Santiago denied and disputes that she did not offer to pay for the building of a wheelchair ramp, nor could she afford to. (Plaintiffs Separate Statement No 36)

11. Plaintiff disputes and denies that the wheelchair ramps that she requested would have required structural modification to the Subject Building, including, but not limited to, the demolition of an occupied dwelling unit. (Plaintiffs Separate Statement No. 37). Ramps are included in the list of per se readily achievable barrier removal items per the Dept of Justice 28 CFR Part 36 Section 36.304 of the Code of Federal Regulations.

12. Plaintiff denied and disputes that the modifications requested by her were not "easily accomplishable without too much difficulty". Plaintiffs Separate Statement No. 38.

13. Plaintiff does admit that she initiated conversations about relocating but this was only because plaintiff could no longer live in the inaccessible building since defendants refused to allow her to install a ramp at her own expense. (Plaintiffs Separate Statement No 39).

14. Plaintiff admits Defendants made her aware of alternative dwellings that were wheelchair accessible, however plaintiff did not want to move but wanted defendants to abide by the Fair Housing Act and allow her to install a ramp at her own expense. (Plaintiffs Separate Statement No 40).

15. Plaintiff denied and disputes that Defendants offer of another alternative was a reasonable accommodation, and she rejected defendants hostile demands that she move out of the building (Plaintiffs Separate Statement No 41).

16. Plaintiff denied and disputes that she rejected defendants attempts to make reasonable accommodation, in that defendants pressuring her to leave rather then abide by the protections of the Fair Housing Act was not a reasonable accommodation. Plaintiffs Separate Statement No 41-44)

17. Plaintiff admits that she requested permission to break her lease without consequence, but denies and disputes that permission was ever given to do this by defendants. Plaintiffs Separate Statement No 43).

18. Plaintiff denied and disputes that she vacated "voluntarily". Plaintiff was forced to move out as Defendants refused to allow any of the requested accessibility modifications requested by plaintiff or her counsel, and she had to move as she had become a "shut in". Plaintiffs Separate Statement No. 44.

19. Plaintiff denied and disputes that defendants did not retaliate against her or coerce her to leave. Plaintiffs Separate Statement no 45-46,

Plaintiff has not, in contrast to that contended by the motion, admitted any of the relevant facts relied upon by defendants in the motion. A triable issue of fact exists as to every item outlined above.

III. PLAINTIFF DID NOT VOLUNTARILY VACATE, BUT ONLY DID SO OUT OF NECESSITY AS DEFENDANTS REFUSED HER REQUESTS TO INSTALL ACCESS RAMPS AT HER OWN EXPENSE.

Plaintiff, after her condition rendered her immobile without a wheelchair, made numerous requests for ramps on the few short staircases which prevented her from entering or leaving the apartment and the apartment building (Plaintiffs Separate Statement nos 19-20). Defendant's manager David Bramlett, was completely insensitive and callous to these requests, and began a program of attempting to convince her to leave her home and live elsewhere (Plaintiffs Separate

Statement No 42). Even after the retention of counsel, defendants continued this course of conduct until plaintiff had no other option as she could not recruit enough family and friends to bring over the cumbersome makeshift ramp when she needed to leave and enter her apartment building (Plaintiffs Separate Statement No 45-46). Plaintiff, in her fragile state, was continually encourage by defendants to sign releases and agreements to vacate the premises, in clear violation of the Fair Housing Act:

> " It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment , or on account of his having exercised or enjoyed, or an account of his having aided or encouraged any person in the exercise or enjoyment of, any right granted or protected by Section 3603, 3604, 3605, or 3606 of this Title. 42 U.S.C.A. Section 3616

Plaintiff is protected as against discrimination according to her disability, and is entitled to the reasonable accommodation pursuant to the Fair Housing Act:

> "(a) It shall be unlawful for any person to refuse to permit, at the expense of a handicapped person, reasonable modifications of existing premises, occupied or to be occupied by a handicapped person, if the proposed modifications may be necessary to afford the handicapped person full enjoyment of the premises of a dwelling." Title 24, Chapter I Subpart D Section 100.203.

> "(3) For purposes of this subsection, discrimination includes–
> (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises, except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that

existed before the modification, reasonable wear and tear excepted." 42 U.S.C. 3604 (f)(3)(A).

IV. IT IS IRRELEVANT AND IMMATERIAL THAT PLAINTIFF WAS NOT PREVENTED FROM MODIFYING HER OCCUPIED PREMISES AT HER OWN EXPENSE, AS THE VIOLATIONS OF THE FAIR HOUSING ACT COMPLAINED OF CONCERNED ONLY CERTAIN AREAS OUTSIDE HER RESIDENCE

The contention that defendants did not prevent Santiago from modifying her occupied premises at her own expense is not relevant, as the inaccessibility complained of relates to defendants failure to allow her to put a permanent ramp at her own expense over a short set of stairs in a hallway outside her unit which prevented her from entering and leaving her apartment. The FHA makes it unlawful to discriminate with respect to a dwelling based on someone's handicap. 42 USCA Section 3604(f)(1), 24 CFR Section 100.70.(b)(6). A "dwelling" as defined by the FHA is any building or portion of a building used as a residence for one or more families. Congress has determined that one frequent basis for discrimination against persons with a handicap is the refusal of landlords to make modifications in buildings or policy that are necessary for persons with handicaps to live in the building. Consequently the law now makes it illegal for anyone to refuse to permit reasonable modifications of a dwelling at the expense of the person with a handicap if that modification is necessary to allow the person full enjoyment of the premises. **Full enjoyment includes public and common use areas.** 23 AM JR POF 3d 499 page 20. In this case, plaintiff could not enter or leave her unit unassisted due to the presence of a short flight of stairs in the hallway leading to her unit. A ramp was necessary for her to live in the building. 42 USCA Section 3604(f)(3)(B) may require landlords to assume reasonable financial burdens in accommodating

handicapped residents. United States v. Cal Mobile Home Park Management Co (1994 Ca Ninth) 29 F. 3d 1413, 6ADD 175,94 CDOS 5467, 94 Daily Journal DAR 10019.

It is very clear that the Fair Housing Act covers common areas of a multi-family residential building, not just the interior of a plaintiffs unit as contended by the defense in the instant motion. Numerous cases have imparted the duty upon landlords to abide by the Fair Housing Act in relation to such common areas. See Savanna Club Worship Service, Inc v. Savanna Club, (S.D. Fla 2005) 456 F. Supp 2d 1223, Baltimore Neighborhoods, Inc. V. LOB, Inc (D Md 2000) 92 F. Supp 2d 456, US v. Edward Rose & Sons (2004 C.A. 6 Mich) 384 F./ 3d 258, 28 NCDR P 2004, Fair Housing Council, Inc v. Village of Olde St. Andrews Inc, (W.D. Ky 2003)  250 F. Supp 2d 706, 25 NDLR P 223.  The defendants attempt to limit plaintiffs protections as to the geography of her own unit, without citing a single case for this novel proposition, is not well taken.

28 CFR Part 36 Section 36.304 of the Code of Federal Regulations entitled Removal of Barriers lists "installing Ramps" as one of 21 examples of readily achievable and easily accomplished and able to be carried out modification without much difficulty or expense.  It is simply absurd that the defendants claim that a small permanent ramp would require the wholesale demolishing of certain units, or the entire building, or cost hundreds of thousands of dollars.

V. PLAINTIFFS CLAIMS ARE NOT "DESIGN AND CONSTRUCTION" CLAIMS WHICH ARE TIME BARRED.

The contention that plaintiff's action is barred as the Statute of Limitations for "Design and Construction Claims" ran out in 1967 (when plaintiff was three years old and decades prior to plaintiff's tenancy) is false as plaintiff's claims for refusal of reasonable access accommodations and for retaliation cannot be characterized as "Design and Constructions Claims.  Plaintiffs complaint clearly states that defendants violated the FHA by refusing to make reasonable accommodations

when such accommodations are necessary to afford such individuals equal opportunity to use and enjoy a dwelling. 42 U.S.C. Section 3604 (3)(b) (Complaint paragraph 21). The complaint also states that defendants refused to permit, at the expense of the handicapped person, reasonable modifications of existing premises or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises. 42 U.S.C. Section 3604 (3) (a). (Complaint paragraph 22)  Plaintiff further states in the complaint that defendants discriminated against plaintiff on the basis of her disabilities, depriving Plaintiff of the full and equal enjoyment of her residence by failing to allow for reasonable and necessary accommodations, in violation of 43 U.S.C. Section 3604.  Plaintiff also claims that she was retaliated against and coerced into moving from the building on the basis of her disability. (Plaintiffs Separate Statement No 45-46).  The attempt by the defense to characterize her claims as time barred "design and construction" claims is misleading and disingenuous in light of the clear language of the complaint.

## VI. DEFENDANTS FALSELY CLAIM THAT PLAINTIFF HAS PRODUCED NO EVIDENCE OF DAMAGES, RETALIATION, OR DENIAL OF HER RIGHTS.

Plaintiff has answered every single question propounded by defendants in discovery in this action. Plaintiff has not been asked to itemize her damages in any of the requests. The defense has not bothered to depose her to ascertain the amount of her damages. Despite the fact that defendants, by not requesting such information, cannot be heard to complain that plaintiff has not produced such information, there is admissible evidence of plaintiffs damages. Plaintiff has stated in her Declaration that she did not vacate voluntarily, but had no other reasonable option but to move to a care facility <u>at great increased expense</u>. Declaration of Plaintiff Dawn Santiago, paragraph 9. Plaintiff has also included such information in Responses to Requests for Admissions nos 122 which states that her current rent ($ 4,500.00) costs much more then her prior apartment in the subject

building. Special damages are defined by the FHA as out of pocket expenses incurred by plaintiff as a direct result of defendants discriminatory practices, and include moving expenses and the additional cost of a more expensive dwelling. Steele v. Title Realty Co (1973 CA 10 Utah) 478 F. 2d 380. Young v. Parkland Village, Inc (1978 D.C.) 460 F. Supp 67.

VII. PLAINTIFF HAS SHOWN INTENTIONAL DISCRIMINATION.

Plaintiff has repeatedly and clearly demonstrated that following her request for a reasonable accommodation of the installation of a permanent ramp so that she could enter and exit her residence, defendants manager Bramlett embarked on a campaign to try to convince her to leave the building so that defendants would not have to comply with the Fair Housing Act's accessibility and accommodation requirements. *Declaration of Plaintiff paragraph six. Plaintiffs Separate Statement No. 42.* Plaintiff is entitled to compensatory, general and punitive damages.

VIII. PLAINTIFF HAS MADE NO ADMISSIONS OF BENEFIT TO THE DEFENSE

As a result of plaintiff being granted Relief from the automatic admission of Requests for Admissions on 4/21/09, this portion of defendants motion is moot.

Conclusion

Plaintiff can and has proven that the defendants flagrant violation of the provisions benefitting the handicapped as contained in the Fair Housing Act entitled her to substantial damages. Defendants motion should be denied in its entirety.

Respectfully submitted,

Dated: March 4, 2008           LAW OFFICES OF GREGORY B. BYBERG

_____
Gregory B. Byberg, Attorney for Plaintiff

PROOF OF SERVICE BY MAIL ( CCP 1013a, 2015.5)

State of California, County of Los Angeles

I am employed in the County of Los Angeles, State of California.  I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action, by business address is 270 N. Canon Drive, Floor Three, Beverly Hills, CA. 90210.

On **May 25, 2009** I served the within PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT on all interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Beverly Hills, California, addressed as follows:

Jerry Kay, Esq

DeCastro, West, Chodorow, Glickfeld & Nass, Inc

10960 Wilshire Blvd, Suite 1400

Los Angeles, Ca 90024-3881

(State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

(Federal). I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May 25, 2009, 2009**

 at Beverly Hills, California.

Gregory B. Byberg

(Signature) **Gregory B. Byberg, Attorney for plaintiff**

Plaintiff's Opposition to Defendant's Motion for Summary Judgment                    18